UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAMON TORRES HERNANDEZ and FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization,<br><br>                Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR, MARTIN J. WALSH, in his official capacity as United States Secretary of Labor; WASHINGTON STATE EMPLOYMENT SECRUITY DEPARTMENT, and CAMI FEEK, in her official capacity as Commissioner,<br><br>                Defendants. | NO. 1:20-CV-3241-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION |

BEFORE THE COURT is Amended Plaintiff's Motion to Modify Preliminary Injunction (ECF No. 120). This matter was submitted for consideration with oral argument on October 19, 2022. Andrea L. Schmitt,

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 1

Hannah Woerner, and Joachim Morrison appeared on behalf of Plaintiffs. John T. Drake, Jonathan E. Pitel, and Marya E. Colignon appeared on behalf of Defendants. The Court has reviewed the record and files herein and is fully is fully informed. For the reasons discussed below, Plaintiff's Motion to Modify Preliminary Injunction (ECF No. 120) is **denied**.

## BACKGROUND

This case concerns the method in which the Department of Labor set prevailing wage rates for farmworkers in the H-2A temporary agricultural visa system. ECF No. 86. The procedural background is detailed in the Court's prior order granting in part Plaintiff's Revised Motion for Preliminary Injunction. *See* ECF No. 57.

On December 17, 2020, Plaintiffs filed the Complaint against Defendants. ECF No. 1. On January 4, 2021, Plaintiffs filed the First Amended Complaint alleging violations of the Administrative Procedures Act, 5 U.S.C. §§ 706(2)(A), (D). ECF No. 14 at 41-44, ¶¶ 144-159.

On March 1, 2021, the Court granted in part and denied in part Plaintiff's Revised Motion for Preliminary Injunction. ECF No. 57. Specifically, the Court ordered: "Defendants must **CHANGE** the prevailing wage rate for *all* Washington State harvest activities to the previous prevailing wage rate certified from the 2018 prevailing wage survey" and "Defendants must **CONDUCT** a prevailing wage

1 survey, within a reasonable time, that is not arbitrary and capricious, in order to

2 certify new – current—prevailing wage rates." ECF No. 57 at 33-34, ¶¶ 3-4. The

3 Court found the wage survey at issue arbitrary in capricious where it did not define

4 essential terms and was not validated through worker surveys or other means. *Id.*

5 at 32.

6      On October 8, 2021, Plaintiff filed the operative Second Amended

7 Complaint. ECF No. 86.

8      On December 1, 2021, the Court granted the parties Joint Motion for Stay of

9 Proceedings, staying all proceedings except for the parties' sealed Joint Motion for

10 Modified Order until June 2022. ECF No. 101.

11      On December 7, 2021, the Court granted the parties' Joint Motion for Entry

12 of Modified Order, which ordered in relevant part: (1) "Defendant ESD shall

13 administer the 2021 survey with the language and procedures as outlined above.

14 ESD shall include a definition for the term 'hourly guarantee' with the survey in

15 the future if doing so is supported by survey best practices and USDOL guidance"

16 and (2) "Defendant USDOL will evaluate the 2020 prevailing wage survey results

17 using its normal validation process and will publish any validated PWRs

18 promptly." ECF No. 103 at 6-7, ¶¶ 2-3.

19      On June 3, 2022, the Court granted the parties' extension of the stay until

20 November 30, 2022. ECF No. 106.

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 3

On September 23, 2022, Plaintiffs filed the present Motions to Amend the Preliminary Injunction. ECF Nos. 111, 120. Plaintiffs seek to enjoin the 2021 Employer Survey on the same basis the Court enjoined the 2019 Employer Survey results. *See id.* The parties timely filed their respective responses and reply. ECF Nos. 121, 122, 124. Washington State Tree Fruit Association filed an amicus brief with the Court's permission. ECF No. 134.

## DISCUSSION

### I. Legal Standard

The legal standards for preliminary injunctions and the Administrative Procedure Act are detailed in the Court's prior preliminary injunction and are hereby incorporated into this Order. ECF No. 57 at 8-11.

### II. Stay

As an initial matter, DOL asserts Plaintiffs have not shown good cause to lift the stay. ECF No. 121 at 19-20. In the parties' most recent Joint Status Report, Plaintiffs "reserve[d] the right" to request an emergency modification of the preliminary injunction as to the 2021 survey results. ECF No. 105 at 3, n. 1. As the survey results at issue have the potential to go into effect November 2022, the Court finds good cause to hear the motion.

### III. Injunction Type

Plaintiffs assert they seek a prohibitory injunction "to order DOL to continue

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 4

to use the prevailing wages derived from the 2020 Survey – the prevailing wages that are currently in effect – until their claims can be adjudicated." ECF No. 124 at 5. Defendants assert Plaintiffs seek a mandatory injunction based on the Court's prior order. ECF No. 121 at 18.

The Court found Plaintiffs' request to revert to the 2018 Survey was "like" a prohibitory injunction, but the Court found Plaintiffs' request to order Defendants to amend the 2020 Survey and to resurvey any results already collected sought a mandatory injunction on the grounds that it would require much time and expense. ECF No. 57 at 14. Unlike the previous injunction, the present motion does not seek affirmative conduct such as amending the survey or resurveying. The Court will treat the current motion as a prohibitory injunction as the relief sought is the maintenance of the *status quo* under the 2020 survey results. In any event, the finding is not dispositive where Plaintiff fails to show an injunction is warranted under the lower standard.

**A. Likelihood of Success on the Merits**

Plaintiffs assert they are likely to succeed on the merits of their claims on the grounds that: (1) DOL has acted arbitrarily by not validating the accuracy of employer survey responses based on the prior injunction, (2) DOL's survey methodology is irrational, (3) DOL's prevailing wage policies as applied to Washington harvest work are contrary to law, (4) DOL's failure to set prevailing

piece rates affects local wages and working conditions contrary to federal law, and (5) DOL's failure to set prevailing piece rates affects local wages and local working condition. ECF No. 120 at 19-28.

To obtain injunctive relief, Plaintiff must show that there are "serious questions going to the merits" of its claims or that it is likely to succeed on the merits. *Cottrell*, 632 F.3d at 1131; *Farris*, 677 F.3d at 865.

### 1. Survey Validation

Plaintiffs assert that they are likely to succeed on the merits of the claim that DOL acted arbitrarily in not validating the accuracy of the 2021 employer survey with the 2021 worker survey. ECF No. 120 at 19-21. Plaintiffs also argue the results of each survey creates an "obvious contradiction" that "suggests a fundamental problem with the survey methodology." *Id.* at 20. DOL asserts there is no inconsistency among the surveys, the worker survey is inherently unreliable, and the prior injunction did not require it to validate employer responses through a worker survey. ECF No. 121 at 25-31. ESD asserts the employer survey does not need to be validated by another source in order to be accurate, Plaintiff did not object to the lack of validation for the 2020 survey, and the surveys do not have similar data points to compare. ECF No. 122 at 14-22.

The Court ordered Defendants to conduct a survey that is not arbitrary and capricious but did not order specific actions Defendants take to ensure that result.

1  ECF No. 57 at 34, ¶ 4.  Relevant here, the Court did not order DOL to validate the

2  employer survey with the worker survey moving forward.  *Id.*  The following year,

3  the parties and Court accepted the 2020 survey results without independent

4  verification by an outside source such as a worker survey.  ECF No. 122-1 at 7, ¶

5  15.

6        Unlike the previous injunction, the 2021 surveys do not create a "stark

7  contrast" that calls into question the legitimacy of the pending wage results.  ECF

8  No. 57 at 23.  The 2021 employer survey reported all 5 cherry harvesting activities

9  were paid piece rate and the 2 apple harvesting activities were paid hourly.  ECF

10  No. 11-2 at 10 (Figure 3).  The 2021 worker survey reported that all ten cherry and

11  apple harvesting activities reported were paid piece-rate.  *Id.* at 13 (Figure 7).  The

12  only overlapping harvest activity (Cripps Pink apple) differed to the extent that

13  15% of workers reported being paid piece rate for this activity.  *See id.*

14        Plaintiffs acknowledge employers at times pay workers by the hour to

15  harvest specialty apple varieties.  ECF Nos. 116 at 2, ¶ 5, 117 at 2, ¶ 5.  Moreover,

16  this Court recognized legitimate business reasons for paying hourly rates.  ECF

17  No. 57 at 22, n. 5.  Moreover, ESD asserts it is not common for voluntary surveys

18  to solicit administrative evidence that supports survey responses.  ECF No. 122-1

19  at 7, ¶ 15.

20

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 7

The one inconsistency among the 2021 employer and worker surveys do not render Defendants' methodology in validating the employer survey arbitrary or capricious. The Court will not substitute its judgment for DOL. The Court finds the failure to validate the 2021 employer survey with the 2021 worker survey was not arbitrary and capricious. Based on this record, Plaintiff has not shown that it is likely to succeed on the claims regarding worker survey validation. At this time, Plaintiffs are dissatisfied with the survey results, but cannot articulate and demonstrate how the survey is arbitrary and capricious.

 2. *Employer Survey Methodology*

Plaintiffs asserts that they are likely to succeed on the merits of the claim that "other aspects" of DOL's survey methodology are arbitrary, specifically: (1) DOL's voluntary employer survey incentivizes employers to not respond where DOL permits employers to pay the hourly AEWR when no prevailing wage is found, (2) DOL's policy of treating piece rates with hourly guarantees as a separate form of payment from hourly rates "artificially increases the chance that hourly rates will be the most common method of payment", and (3) DOL's refusal to require employers to pay the "general" prevailing wage for a crop when there is no applicable "varietal" prevailing wage, DOL undercuts prevailing wages even when they are found. ECF No. 120 at 21-24.

DOL asserts that the decreased employer participation argument is

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 8

unavailing for three reasons: (1) decreased participation does not render the results unreliable, (2) the Court already rejected an argument challenging the sample size threshold by the ETA Handbook 385, and (3) the survey is voluntary. ECF No. 121 at 23-25.

Moreover, while Plaintiff's call into question the reliability of the employer surveys, nothing makes the worker surveys any more reliable.

### 3. Prevailing Wage Policies

Plaintiffs assert they are likely to succeed on the claim that DOL's survey methodology is contrary to 8 U.S.C. § 1188(a)(1) where the current methodology for determining prevailing wages allows access to foreign workers to save "millions in labor costs." ECF No. 120 at 25-26. However, the current survey methodology has been improved and Plaintiffs have not shown that it is arbitrary and capricious on this record, nor a likelihood of success.

**B. Irreparable Harm**

Plaintiffs assert Washington workers will suffer irreparable injury based in part on the Court's prior order which found reduced wages will have a profound and immediate impact on the livelihood of Washington farmworkers, especially where workers have no practical path to collecting lost wages and lack access to legal resources. ECF No. 120 at 30.

A plaintiff seeking injunctive relief must "demonstrate that irreparable injury

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 9

is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

As the asserted irreparable harm remains the same, the Court previously found that this element was met for the reasons stated in the prior order. ECF No. 57. However, the new survey was conducted with this in mind and additional irreparable harm has not been shown to be likely.

### C. Balancing of Equities and Public Interest

As the record does not support a finding that Plaintiffs are likely to succeed on the merits of its claims nor are they likely to suffer irreparable harm, the Court need not address the balancing of equities or public interest. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Amended Motion to Modify Preliminary Injunction (ECF No. 120) is **DENIED**.

2. Plaintiff's original Motion to Modify Preliminary Injunction (ECF No. 111) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 3, 2022.



THOMAS O. RICE
United States District Judge