UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAMON TORRES HERNANDEZ and FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization,<br><br>                 Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF LABOR, MARTIN J. WALSH, in his official capacity as United States Secretary of Labor; WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, and CAMI FEEK, in her official capacity as Commissioner,<br><br>                 Defendants. | NO. 1:20-CV-3241-TOR<br><br>ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION |

BEFORE THE COURT are Plaintiffs' Motion to Supplement and Amend Complaint (ECF No. 168), Defendants' Motions to Dismiss (ECF Nos. 159, 166), and Plaintiffs' Third Motion for Preliminary Injunction (ECF No. 172). These

ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 1

motions were submitted for consideration without oral argument. The Court has reviewed the files and record herein, and is fully informed.

## BACKGROUND

This case concerns the method in which the United States Department of Labor (DOL) set prevailing wage rates for farmworkers in the H-2A temporary agricultural visa system. ECF No. 86. On December 17, 2020, Plaintiffs filed the Complaint against Defendants. ECF No. 1. On January 4, 2021, Plaintiffs filed a First Amended Complaint. ECF No. 14.

On March 1, 2021, the Court granted in part and denied in part Plaintiffs' Revised Motion for Preliminary Injunction. ECF No. 57. Specifically, the Court ordered: "Defendants must **CHANGE** the prevailing wage rate for *all* Washington State harvest activities to the previous prevailing wage rate certified from the 2018 prevailing wage survey" and "Defendants must **CONDUCT** a prevailing wage survey, within a reasonable time, that is not arbitrary and capricious, in order to certify new – current—prevailing wage rates." ECF No. 57 at 33-34, ¶¶ 3-4.

On October 8, 2021, Plaintiffs filed the operative Second Amended Complaint. ECF No. 86.

On December 1, 2021, the Court granted the parties' Joint Motion for Stay of Proceedings, staying all proceedings except for the parties' sealed Joint Motion for Modified Order until June 2022. ECF No. 101.

1    On December 7, 2021, the Court granted the parties' Joint Motion for Entry of Modified Order, which ordered: (1) "Defendant ESD shall administer the 2021 survey with the language and procedures as outlined above.  ESD shall include a definition for the term 'hourly guarantee' with the survey in the future if doing so is supported by survey best practices and USDOL guidance" and (2) "Defendant USDOL will evaluate the 2020 prevailing wage survey results using its normal validation process and will publish any validated PWRs promptly."  ECF No. 103 at 6-7, ¶¶ 2-3.

On June 3, 2022, the Court granted the parties' extension of the stay until November 30, 2022.  ECF No. 106.

On October 12, 2022, DOL published a final rule on its prevailing wage finding methodologies.  *Temporary Agricultural Employment of H-2A Nonimmigrants in the United States*, 87 Fed. Reg. 61660 (Oct. 12, 2022) (2022 Final Rule).  The 2022 Final Rule went into effect November 14, 2022.  *Id.*

On November 3, 2022, the Court denied Plaintiffs' Second Motion for Preliminary Injunction on Plaintiffs' survey validation process, employer survey methodology, and prevailing wage policies claims regarding the 2021 employer survey.  *See* ECF No. 137.

ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 3

On November 13, 2022, Plaintiffs lodged a notice of interlocutory appeal. ECF No. 138. On December 9, 2022, the Ninth Circuit stayed the appeal. ECF Nos. 150, 154. The appeal remains pending.

On December 2, 2022, Washington's Employment Security Department (ESD) withdrew its prevailing wage findings from the 2021 Employer Survey under the Handbook 385 methodology and stated it would resubmit findings using the 2022 Final Rule. ECF No. 151. The parties agreed to an extension of case deadlines as the 2022 Final Rule "changed the prevailing wage finding process significantly" and "could change the landscape of the case significantly, including by resolving existing claims and by obviating Plaintiffs' need to supplement or amend the complaint." *Id.* at 3.

On March 27, 2022, ESD published preliminary revised wage findings from the 2021 Employer Survey. ECF No. 160-2. ESD decided not to resubmit the findings on the 2021 Employer Survey, citing the impeding publication of the 2022 Employer Survey results. ECF No. 160-3.

**DISCUSSION**

**I.     Motion to Amend Complaint**

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation

and quotation marks omitted).  However, a court may deny leave to amend due to undue delay, the movant's bad faith or dilatory motive, repeated failures to cure deficiencies by previous amendments, undue prejudice to the nonmoving party, and futility of amendment."  *Zucco Partners, LLC v. Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009).  A court's discretion is "particularly broad where [the] plaintiff has previously amended the complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal citation omitted).  A defendant is prejudiced by amendments with new theories and/or a fundamental shift in strategy at a late stage of litigation.  *See Morongo Bande of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Acri v. Int'l Assoc. of Machinist & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

      DOL contends that the original case focused on a narrowly-tailored, as-applied challenge to the 2019 prevailing wage survey whereas the proposed Third Amended Complaint is a broad, facial challenge to the H-2A prevailing wage methodology that raises new theories of liability.  ECF No. 177 at 7.  In particular, DOL contends the most significant changes are Plaintiffs' new challenges to (1) DOL's failure to take steps to verify the accuracy of employer survey responses, (2) DOL's failure to check for no-response bias or otherwise ensure that the responses are representative and statistically significant, and (3) DOL's policy of defaulting to the Adverse Effect Wage Rate (AEWR) if the prevailing wage

finding methodology fails to find a prevailing wage for a crop activity. *Id.* at 7–9. DOL does not object to challenges to discrete aspects of the new prevailing wage finding methodology set forth in the 2022 Final Rule under 20 C.F.R. §§ 655.120(c)(1)(vii), (viii), and (ix). *See* ECF No. 168-1 at 49–53, ¶¶ 185–97, at 58, ¶ 212.

Plaintiffs contend Defendants are not prejudiced by the proposed Third Amended Complaint where the facts are well known to Defendants, the administrative record has not yet been defined, no discovery has occurred, and the Court has made no dispositive ruling. ECF No. 168 at 11. Plaintiffs and DOL oppose the dismissal of ESD. ECF No. 177 at 10–11.

The Court agrees with Defendants that this case has evolved (and continues to evolve) from an as-applied challenge to the 2019 Employer Survey to facial challenges that purportedly survive superseding rules and the Court's mandatory injunction and modified order. This case is almost three years old, with little to no momentum in moving forward. The Court grants Plaintiffs' motion in part, allowing leave to amend for unresolved claims affected by the 2022 Final Rule. Finally, the Court notes while there are no claims against ESD, it remains joined as a necessary party to this action. *See Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1344 (9th Cir. 1995).

//

**II.    Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to file a motion to dismiss for lack of subject matter jurisdiction.  Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies", which limits federal courts to resolving "the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal citation and quotations omitted).  "A case is moot when it has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir. 2011) (internal quotation marks omitted).  "[T]he repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal." *Bd. of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019).  The same principle applies when a regulation or ordinance is repealed or amended. *Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014).

As relevant here, the 2022 Final Rule states:

> This final rule does not formally rescind ETA Handbook 385, but SWAs and other surveyors must follow the methodological requirements in § 655.120(c) when conducting wage surveys.  In this way, the survey standards in § 655.120(c) replace the standards in ETA Handbook 385 for H-2A prevailing wage surveys.  This final rule clarifies, however, that SWAs and other surveyors may refer to the Handbook and other applicable authorities for additional guidance on issues related to the prevailing wage survey methodology not

ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 7

explicitly addressed in the Department's regulations at 20 CFR part 655, subpart B, and 29 CFR part 501.

*Temporary Agricultural Employment of H-2A Nonimmigrants in the United States*, 87 Fed. Reg. 61660-01 at 61700.

The claims that rely on Handbook 385's provisions that were replaced by § 655.120(c) are moot. The Court addresses Plaintiffs' claims below.

**A. Failure to Validate Survey Responses**

Plaintiffs contend that Judge Mendoza's mandatory injunction requires some action as to the worker survey, and as a result the claim is not moot. Plaintiffs argue that the mandatory injunction either required Defendants to use the worker survey to validate the results of the employer survey or otherwise change the worker survey or use it in a different manner since the injunction. ECF No. 189 at 13. Plaintiffs request a merits determination on this claim. *Id.* at 16 (citing *Univ. Texas v. Camenisch*, 451 U.S. 390, 394–96 (1981)).

The mandatory injunction required Defendants (1) to change the prevailing wage rate for all Washington State harvest activities to the previous prevailing wage rate certified from the 2018 prevailing wage survey and (2) to conduct a prevailing wage survey within a reasonable time that is not arbitrary and capricious in order to certify the current prevailing wage rates. *See* ECF No. 57 at 33–34. While Judge Mendoza noted "Defendants acted arbitrarily and capriciously by not

conducting a reliable worker survey to validate the results of the employer survey", the statement is dicta considering the Court concluded that a "worker survey or *otherwise*" "would help" Defendants consider employer surveys. *Id.* at 25–26 (emphasis added); *see also* ECF No. 103. The Court affirmed that the mandatory injunction did not require DOL to validate employer surveys with worker surveys moving forward. ECF No. 137 at 7. On the merits, the mandatory injunction does not provide a basis for Plaintiffs to pursue the worker survey validation claim.

B. **Hourly Guarantee**

Plaintiffs contend the "hourly guarantee" wage claim is not moot because it is not addressed in 20 C.F.R. § 655.120(c) nor any other regulation. ECF No. 189 at 11–12. DOL argues that Plaintiffs are attempting to pivot from an as-applied challenge to the 2019 survey results to a facial challenge to "hourly guarantees" to survive dismissal.

The pivot to a facial challenge following this Court's modified mandatory injunction are the kind of evolving claims that the Court will not grant leave for amendment. This claim is moot following this Court's injunction and modified order that resolved the "hourly guarantee" claim. *See* ECF Nos. 57, 103.

C. **AEWR Only**

Plaintiffs contend that the AEWR only claim, the subject of the pending motion for preliminary injunction below, is not moot because it is not addressed in

20 C.F.R. § 655.120(c) nor any other regulation. ECF No. 189 at 17. Defendants argue the claim is moot to the extent it relies on Handbook 385. ECF No. 193 at 9. The Court finds this claim is moot to the extent that it relies on outdated authority set out in Handbook 385. *See id.* (citing ECF Nos. 184-1–184-3). However, as Defendants acknowledge, the AEWR only claim is only based in part on Handbook 385. The Court will address the remaining claim below.

**D. General Prevailing Wage**

Plaintiffs contend the "general prevailing wage" claim is not moot because it is not addressed in 20 C.F.R. § 655.120(c) nor any other regulation. ECF No. 189 at 19. DOL argues that the modified mandatory injunction renders this claim moot. ECF No. 193 at 9–10.

Under the modified terms, the Court ordered that ESD will not approve and DOL will not certify:

> H-2A applications for temporary employment certification that involve H-2A agricultural clearance orders listing or including a specific variety unless the employer offers at least the applicable valid PWR for the specific variety (if such rate is the highest of the available wage rates under 20 CFR § 655.120(a)) or, if there is not a PWR for the specific variety, the applicable valid PWR for the corresponding agricultural or crop activity, if one exists and is the highest of the available wage rates under 20 CFR § 655.120(a).

ECF No. 103 at 7, ¶ 4. The Court agrees with Defendants that there is nothing to litigate on this claim following this order. This claim is now moot.

ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING
MOTION FOR PRELIMINARY INJUNCTION ~ 10

### III.     Motion for Preliminary Injunction

The legal standard for mandatory injunctions is detailed in the Court's prior Order and is hereby incorporated.  ECF No. 57 at 8-11.

#### A.  Likelihood of Success on the Merits

Plaintiffs assert they are likely to succeed on the merits of their claims on the grounds that DOL's approval of job orders offering the AEWR only is unlawful when there is a published prevailing piece rate.  ECF No. 172 at 12–15.

As relevant here, employers must offer, advertise in its recruitment, and pay a wage that is at least the highest of the AEWR or the applicable prevailing wage rate.  20 C.F.R. §§ 655.120(a), 122(l).  The methodologies for determining the AEWR are set out in 20 C.F.R. § 655.120(b).  The Court notes Plaintiffs removed all reference to Handbook 385 in their Motion.  *See* ECF No. 172.

Plaintiffs argue DOL must ascertain "whether the AEWR is higher than the applicable piece-rate prevailing wage" before certifying an employer at the hourly AEWR.  ECF No. 172 at 13.  In failing to do so, Plaintiffs contend DOL approved over 160 H-2A job orders for 2023 harvest activities at the AEWR despite the fact that higher, prevailing piece rates were available.  ECF No. 200 at 2.

Nothing in 20 C.F.R. § 655.120 nor § 122(l) requires DOL to check the AEWR against the prevailing wage rate before certification.  This Court has already recognized an employer's reasons for offering hourly wages, as opposed to
ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 11

piece-rate wages, such as quality control and ease of administration. ECF No. 57 at 22, n. 5. Plaintiffs have not made a clear showing that they are likely to succeed on the merits of this claim.

**B.  Irreparable Harm**

Plaintiffs assert Washington workers will suffer irreparable injury in the form of wage loss, based in part on the Court's prior order which found reduced wages will have a profound and immediate impact on the livelihood of Washington farmworkers. ECF No. 172 at 17.

A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

Plaintiffs amended their complaint in October 2021 to include the AEWR only claim, which it now moves for emergency relief in June 2023. ECF Nos. 86, 172. DOL contends that its practice of accepting AEWR only clearances orders

ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING
MOTION FOR PRELIMINARY INJUNCTION ~ 12

has been in effect for over a decade. ECF No. 183 at 2. This lack of speedy action cuts heavily against irreparable harm. *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984). Therefore, Plaintiffs have not made a clear showing of irreparable harm. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

      C.   **Balancing of Equities and Public Interest**

As the record does not support a finding that Plaintiffs are likely to succeed on the merits of this claim nor are they likely to suffer irreparable harm, the Court need not address the balancing of equities or public interest. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Supplement and Amend Complaint (ECF No. 168) is **GRANTED in part** and **DENIED in part**. Plaintiffs are granted leave to file a Third Amended Complaint within 10-days as outlined above.

2. Defendants' Julie A. Su and United States Department of Labor's Motion to Dismiss (ECF No. 159) is **GRANTED in part**. Plaintiffs' survey validation, hourly guarantee, and general prevailing wage claims are **DISMISSED.**

3. Defendants' Washington State Department of Employment Security and Cami Feek's Motion to Dismiss (ECF No. 166) is **DENIED as moot**.

4. Plaintiffs' Third Motion for Preliminary Injunction (ECF No. 172) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 27, 2023.



THOMAS O. RICE
United States District Judge