UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAMON TORRES HERNANDEZ, and FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR and JULIE SU, in her official capacity as Acting United States Secretary of Labor; WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, and CAMI FEEK, in her official capacity as Commissioner,<br><br>Defendants. | NO. 1:20-CV-3241-TOR<br><br>ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER AND MOTION TO EXPEDITE |

BEFORE THE COURT are Plaintiffs' Motion for Entry of Final Order on AEWR Only Claim (ECF No. 222) and Defendant's Motion to Expedite Hearing on Plaintiff's Motion for Entry of Final Order on AEWR Only Claim (ECF No.

ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER AND MOTION TO EXPEDITE ~ 1

224). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, the motions to enter and expedite a final order on Plaintiffs' AEWR claim (ECF Nos. 222 and 224) are **GRANTED**.

## BACKGROUND

This case concerns the method by which the United States Department of Labor ("DOL") sets wage rates for employers participating in the H-2A temporary agricultural visa system. ECF No. 86. Employers participating in the H-2A program must obtain a temporary labor certification from DOL representing that the employment of H-2A workers will not adversely affect the wages of similarly situated domestic farmworkers. *Id.* at 9, ¶ 25. To ensure that wages are not unlawfully depressed, employers must pay a wage that is the highest of either (1) the adverse effect wage rate (AEWR), (2) the applicable prevailing wage rate, (3) the applicable collectively bargained wage, or (4) the federal or state minimum wage. ECF No. 172 at 4 (citing 20 C.F.R. §§ 655.120(a), 122(1)). The AEWR refers to a special minimum hourly wage set for the H-2A program by the State. *Id.* The prevailing wage refers to a DOL-approved wage for agricultural work performed in that region. *Id.* In a previous motion for a preliminary injunction, Plaintiffs claimed that DOL must ascertain whether the AEWR is higher than the applicable "piece-rate" prevailing wage before certifying an employer at the hourly

ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER AND MOTION TO EXPEDITE ~ 2

AEWR.  ECF No. 214 at 11.  The piece rate is a wage based on the individual output of the employee.  ECF No. 57 at 5.  Plaintiffs refer to this claim as their "AEWR only claim."  ECF No. 214 at 9-10.

This Court found Plaintiffs had not demonstrated a likelihood of success on the merits on their AEWR only claim, explaining:

> Plaintiffs argue DOL must ascertain "whether the AEWR is higher than the applicable piece-rate prevailing wage" before certifying an employer at the hourly AEWR . . .
>
> Nothing in 20 C.F.R. § 655.120 nor § 122(1) requires DOL to check the AEWR against the prevailing wage rate before certification.  This Court has already recognized an employer's reasons for offering hourly wages, as opposed to piece-rate wages, such as quality control and ease of administration.

ECF No. 214 at 11-12.

Plaintiffs filed an interlocutory appeal of the order denying their AEWR only claim.  ECF No. 218.  They then requested that this Court enter a final order on their AEWR only claim.  ECF 222 at 2.  The hearing date for the AEWR claim is set for September 18, 2023.  ECF 222.  Plaintiffs assert that this Court's determination that they were unlikely to succeed on the merits of the AEWR only claim renders any further argument on that point invalid.  *Id.*

Both defendants DOL and the Employment Security Department (ESD) agree that entry of final judgment would serve the interests of judicial economy.  ECF Nos. 223 at 2; 227 at 1-2.  However, in its motion agreeing to the entry of

1  final judgment on the AEWR only claim, DOL added a footnote saying that entry
2  of final judgment on Plaintiffs' AEWR only claim would render Plaintiffs'
3  interlocutory appeal of the same claim moot, and that Plaintiffs would need to file
4  a new appeal from the final judgment.  ECF No. 223.

5     After receiving DOL's response, Plaintiffs moved for the Ninth Circuit to
6  expedite the resolution of its interlocutory appeal, arguing that DOL's footnote
7  "appear[ed] to be [a] calculated strategic effort by DOL to avoid this expedited
8  appeal and put off a ruling on its allegedly illegal behavior."  ECF No. 225-2 at 4.

9     DOL did not appreciate this characterization of its briefing. ECF No. 224 at
10 3.  DOL now moves to expedite the entry of a final order on the AEWR only
11 claim, arguing that Plaintiffs' attempt to fast-track of the AEWR only interlocutory
12 appeal suggested that they intended to pursue the AEWR only issue as a separate
13 matter from other issues in this case.  *Id.*; ECF No. 225 at 2-3, ¶¶ 3-6.  ESD does
14 not oppose DOL's motion.  ECF No. 226 at 1.

15    Plaintiffs oppose the motion, saying that DOL's representation that Plaintiffs
16 intend to appeal other issues is false.  ECF No. 228 at 2.  Plaintiffs now believe
17 granting the motion on an expedited basis will create unnecessary delay because
18 DOL would then have to move to dismiss the interlocutory appeal in the Ninth
19 Circuit, and then Plaintiffs would have to file an identical appeal as well as
20 identical briefs and excerpts of the record.  ECF No. 228 at 3.  According to

Plaintiff, if DOL truly cared about the expeditious resolution of the AEWR only claim, then it would offer to support the expedited appeal and to file its Ninth Circuit response brief on the date it is currently due (September 13). *Id.* Additionally, Plaintiff urges that a separate appeal pending before the Ninth Circuit regarding this Court's denial of a different but related November 2022 preliminary injunction (ECF No. 137) will likely result in a vacatur of this Court's order, and thus serves as another good reason for delay. *Id.* at 4. Plaintiff asks this Court to delay entry of a final order pending a decision from the Ninth Circuit. *Id.* at 4.

DOL replies that Plaintiffs' initial motion requested the entry of a final order without delay, but that they now have reversed course after becoming aware of negative precedent. ECF No. 230 at 229-230.

**DISCUSSION**

The Court will enter final judgment on Plaintiff's AEWR only claim, because the remaining issues have been mooted by the adoption of new regulations and the interests of judicial efficiency would be served by finalizing the claim.

Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To determine whether entry of final judgment on a discrete claim is warranted,
ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER AND MOTION TO EXPEDITE ~ 5

district courts apply a two-step test.  First, the Court must determine whether it has rendered a "final judgment," meaning "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  Courts must look to "the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006); *see also Wood*, 422 F.3d at 882.

Second, the court must assess whether there is "any just reason for delay." *Id.* "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8).  Courts should focus on severability and efficient judicial administration.  *Wood*, 422 F.3d at 880.

As this Court previously explained, all other AEWR claims presented were moot to the extent they relied upon outdated authority set out in Handbook 385, because those provisions were replaced by C.F.R. § 655.120(c).  ECF No. 193 at 9 (citing ECF Nos. 184-1–184-3).  Further, Plaintiffs have represented that they do not intend to seek further review on appeal of their other claims.  ECF No. 228 at 2.  Thus, under the first prong, the Court has no concerns about whether the interrelationship of claims will result in a piecemeal appeal.  The Plaintiffs also initially represented that there would be no benefit in delaying a final judgment,

1 because the factual and evidentiary record it presented in its prior motion for a
2 preliminary injunction is unlikely to now change.  ECF No. 222 at 2.  On these
3 facts, the Court finds that entry of a final judgment as to Plaintiffs' AEWR only
4 claim is appropriate.

5      Plaintiffs now argue that this Court should delay entry of a final judgment
6 based on DOL's presentation of authority establishing that they would have to
7 withdraw their interlocutory appeal and refile a new appeal upon entry of final
8 judgment.  *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir.
9 1982).  However, Plaintiffs do not present a strong case for why the Court should
10 reserve the entry of judgment.  Plaintiffs contend that they will have to refile their
11 claims and briefs with the Ninth Circuit.  But the relevant question is whether the
12 entry of judgment would promote "judicial efficiency," not whether it would be
13 convenient for the appellant.  The Ninth Circuit has not yet decided Plaintiffs'
14 AEWR only claim or even decided whether to expedite resolution of that
15 interlocutory appeal.  Staying proceedings in this Court is not the most efficient
16 path forward in view of the fact that the AEWR only claim is the singular subject
17 of appeal and the Court's determination of that claim is unlikely to change.  As
18 such, the Court directs the entry of final judgment on Plaintiffs' AEWR only claim.
19 //
20 //

ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER AND MOTION TO EXPEDITE ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Entry of Final Order on AEWR Only Claim, ECF No. 222, is **GRANTED**.

2. Defendant's Motion to Expedite Hearing on Plaintiffs' Unopposed Motion for Entry of Final Order on AEWR Only Claim, ECF No. 224, is **GRANTED**.

3. Because the issues in this case have become moot by adoption of new regulations this case is **DISMISSED AS MOOT**.

The District Court Executive is directed to enter this Order and a Final Judgment, furnish copies to counsel, and **CLOSE** the file.

DATED August 31, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR ENTRY OF FINAL ORDER AND MOTION TO EXPEDITE ~ 8